IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESTATE OF DARRIN KEITH JAMES    \*
Deanna McCray-James, widow,    \*
Amira Danyah James, minor child,    \*
Plaintiffs,    \*
   \*
v.    \*    CIVIL ACTION FILE
   \*    NO: 1:14-cv-04027-CAP
   \*
MICHAEL GEORGE WEIGELE and    \*
PURDY BROTHERS TRUCKING CO.    \*
INC.,    \*
Defendants.    \*
   \*

## PLAINTIFFS PROPOSED JURY INSTRUCTIONS

**Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's individual practices, Plaintiffs respectfully propose the following instructions be given to the jury in their upcoming trial:**

**PLAINTIFF'S REQUEST TO CHARGE NO. 1**

3.7.1 Responsibility for Proof - Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

<u>AUTHORITY</u>

11th Cir. Civil Pattern Jury Instructions, 2103 Ed., Section 3.7.1, Responsibility for Proof, Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence, page 36.

**PLAINTIFF'S REQUEST TO CHARGE NO. 2**

3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was.

In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

+ Did the witness impress you as one who was telling the truth? ! Did the witness have any particular reason not to tell the truth?

+ Did the witness have a personal interest in the outcome of the case? ! Did the witness seem to have a good memory?

+ Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

+ Did the witness appear to understand the questions clearly and answer them directly?

+ Did the witness's testimony differ from other testimony or other evidence?

<u>AUTHORITY</u>

11th Cir. Civil Pattern Jury Instructions, 2103 Ed., Section 3.4, Credibility of Witnesses, page 31.

**PLAINTIFF'S REQUEST TO CHARGE NO. 3**

3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>AUTHORITY</u>

11th Cir. Civil Pattern Jury Instructions, 2103 Ed., Section 3.5.1, Impeachment of Witnesses Because of Inconsistent Statements, Section 3.5.1, page 32.

**PLAINTIFF'S REQUEST TO CHARGE NO. 4**

3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

      When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

<u>AUTHORITY</u>

11th Cir. Civil Pattern Jury Instructions, 2103 Ed., Section 3.6.2, Expert Witness - When Expert Fees Represent a Significant Porton of the Witnesses Income, Section 3.6.2, page 35.

**PLAINTIFF'S REQUEST TO CHARGE NO. 5**

60.010 Torts; Ordinary Negligence (Ordinary Diligence)

      Ordinary negligence means the absence of or the failure to use that degree of care which is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be an injury to the plaintiff resulting from the defendant's negligence.

<u>AUTHORITY</u>

O.C.G.A. Section 51-1-2

Georgia Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Torts; Ordinary Negligence (Ordinary Diligence)"; page 257.

**PLAINTIFF'S REQUEST TO CHARGE NO. 6**

I charge you that in order for a party to be held liable for negligence, it is not necessary that the party should have been able to anticipate the particular consequences which ensued, it is sufficient if in ordinary prudence the party might have foreseen that some injury would result from her act or omission, or that consequences of a generally injurious nature might result.

AUTHORITY

Bailey v. Jim's Minit Market, Inc., 242 Ga. App. 518 (2000).

Luxenberg v. Griffith, 237 Ga. App. 201 (1999).

**PLAINTIFF'S REQUEST TO CHARGE NO. 7**

60.060 Torts; Negligence; One Act Sufficient

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendants ends.

<u>AUTHORITY</u>

Georgia Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Torts; Negligence; One Act Sufficient"; page 259.

**PLAINTIFF'S REQUEST TO CHARGE NO. 8**

60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation)


A defendant may be held liable for an injury where that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant.  If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.


<u>AUTHORITY</u>


Stern v. Wyatt, 140 Ga. App. 704, 705 (1976)

Stapleton v. Amerson, 96 Ga. App. 471, 472 (1957)

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation); pages 264, 265.

**PLAINTIFF'S REQUEST TO CHARGE NO. 9**

60.200 Proximate Cause; Definition

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

<u>AUTHORITY</u>

O.C.G.A. §§ 51-12-3; 51-12-8; and 51-12-9.

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Torts; Proximate Cause; Definition; page 263.

**PLAINTIFF'S REQUEST TO CHARGE NO. 10**

60.300 Negligence Amplified; Agency; Generally

Principals shall be bound for the care and loyalty of their agent in their business, and shall be bound for the neglect of their agent in the transaction of such business.

Every person shall be liable for the wrongful conduct or torts committed by an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

<u>AUTHORITY</u>

O.C.G.A. § 10-6-60.

60.310 Negligence Amplified; Spouse, Child, or Employee

O.C.G.A. § 51-2-2.

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Negligence Amplified; Agency; Generally" and "Negligence Amplified; Spouse, Child, or Employee:"; pages 266, 267.

**PLAINTIFF'S REQUEST TO CHARGE NO. 11**

I charge you that a person injured by a motor common carrier or a motor contract carrier has a right of action against the carrier directly.

A motor carrier, which may be classified either as a "common" or "contract" carrier, is one which owns, controls, operates, or manages any motor propelled vehicle used in the business of transporting for hire of property or persons on the public highways of Georgia. Transporting "for hire" is defined as an activity wherein for payment or other compensation a motor vehicle and driver are furnished to a person by another person.

<u>AUTHORITY</u>

O.C.G.A. §§ 46-1-(9)(A) and 46-1-9(B).

O.C.G.A. § 46-1-1(6).

O.C.G.A. §§ 46-7-12(c) and 46-7-12.1

Sapp v. Canal Ins. Co., 288 Ga. 681, 682-683 (2011).

**PLAINTIFF'S REQUEST TO CHARGE NO. 12**

I charge you that the terms "motor contract carrier" and "motor common carrier" means as follows:

"Motor contract carrier" means every person, except common carriers, owning, controlling, operating, or managing any motor propelled vehicle including the lessees of such persons used in the business of transporting persons or property for hire over any public highway in this state.

"Motor common carrier" means every person owning, controlling, operating, or managing any motor propelled vehicle, and the lessees of such person, used in the business of transporting for hire of persons or property, or both on the public highways of Georgia as a common carrier.

<u>AUTHORITY</u>
O.C.G.A. §§ 46-1-1(9)(A) and 46-1-1(9)(B).

**PLAINTIFF'S REQUEST TO CHARGE NO. 13**

I charge you that a driver shall exercise due care in operating a motor vehicle on the highways of this state and shall not engage in any actions which distract such driver from the safe operation of such vehicle.

<u>AUTHORITY</u>

O.C.G.A. § 40-6-241.

**PLAINTIFF'S REQUEST TO CHARGE NO. 14**

I charge you that it is unlawful and, unless otherwise declared in the uniform rules of the road, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in the uniform rules of the road.

AUTHORITY
O.C.G.A. § 40-6-1.

**PLAINTIFF'S REQUEST TO CHARGE NO. 15**

I charge you that any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

<u>AUTHORITY</u>

O.C.G.A. § 40-6-390

**PLAINTIFF'S REQUEST TO CHARGE NO. 16**

D. Negligence Per Se

The plaintiff contends that the defendant violated certain traffic laws or ordinances. Such a violation is called negligence per se, that is, negligence as a matter of law. It is your duty to decide whether such violation took place or not.

AUTHORITY

Central R.R. & Banking Co. v. Smith, 78 Ga. 694 (1886)

Wilson v .Georgia Power & Light Co., 200 Ga. 207, 208 (1946)

Ford Motor Co. v. Carter, 141 Ga. App. 371, 374; 289 Ga. 647, 662 (1977)

**PLAINTIFF'S REQUEST TO CHARGE NO. 17**

The duty of a driver to yield to approaching traffic on an intersecting roadway rests upon the driver of the vehicle and no one else.

AUTHORITY

O.C.G.A. § 40-6-73. Failure to Yield O.C.G.A. § 40-6-73: The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed. Every driver of a vehicle approaching a stop sign is required to stop where the driver has a view of approaching traffic on the intersecting roadway before entering it. After stopping, drivers must yield the right-of-way to any vehicle at the intersection or approaching on another roadway so closely as to constitute an

**PLAINTIFF'S REQUEST TO CHARGE NO. 18**

Failure to Yield

The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed. Every driver of a vehicle approaching a stop sign is required to stop where the driver has a view of approaching traffic on the intersecting roadway before entering it. After stopping, drivers must yield the right-of-way to any vehicle at the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

AUTHORITY

O.C.G.A. § 40-6-73

O.C.G.A. § 40-6-72.

**PLAINTIFF'S REQUEST TO CHARGE NO. 19**

Preferential Right of Way

Preferential right of way may be indicated by stop signs or yield signs. Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if there is no stop line, before entering the crosswalk on the near side of the intersection or, if there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

(c) The driver of a vehicle approaching a yield sign shall, in obedience to such sign, slow down to a speed reasonable for the existing conditions and, if required for safety to stop, shall stop at a clearly marked stop line or, if there is no stop line, before entering the crosswalk on the near side of the intersection or, if there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After slowing or stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection or junction of roadways. If such a driver is involved in a collision with a vehicle in the intersection after driving past a yield sign without stopping, such collision shall be deemed prima-facie evidence of his failure to yield the right of way.

OCGA § 40-6-72(a), (b)

**PLAINTIFF'S REQUEST TO CHARGE NO. 20**

Federal Law Charges


Tractor Trailer Drivers are required by Federal Law to drive without striking other vehicles.


AUTHORITY

FMCSR § 392.2 and Georgia law;

**PLAINTIFF'S REQUEST TO CHARGE NO. 21**

Federal Law Charges

A motor carrier cannot allow a driver to operate a vehicle if his alertness is impaired by fatigue, illness or any other condition. 49 C.F.R. § 392.3

**PLAINTIFF'S REQUEST TO CHARGE NO. 22**

Federal Law Charges

Drivers are limited to maximum number of hours on duty and driving.

49 C.F.R. § 395 et seq;

**PLAINTIFF'S REQUEST TO CHARGE NO. 23**

Federal Law Charges

Tractor Trailer Drivers are required to exercise extreme caution in the operation of a commercial vehicle when hazardous conditions such as those caused by snow, ice, sleet, fog, mist, rain, dust or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

49 C.F.R. § 392.14

**PLAINTIFF'S REQUEST TO CHARGE NO. 24**

Federal Law Charges


Tractor Trailer Drivers are required to discontinue operating the tractor-trailer while their ability or alertness is so impaired through fatigue to make it unsafe for him to continue to operate the vehicle


<u>AUTHORITY</u>

FMCSR § 392.3;

**PLAINTIFF'S REQUEST TO CHARGE NO. 25**

Federal and State Law Charges

Our legislatures, both state and federal, recognize that the operation of a commercial motor vehicle, such as the truck tractor in this case, is the operation of a much larger and more dangerous instrumentality than the usual private automobile. Not surprisingly, because commercial motor vehicles are much more complex and lethal than personal automobiles, the standard of care for operating a commercial motor vehicle is higher than the standard of care for operating a personal automobile.

AUTHORITY

Dixon v. Hot Shot Express, Inc., 44 So. 3d 1082, 1092 (Ala. 2010).
(Driver was required by federal law to be operating the tractor with extreme caution at the time of the accident) and see Mississippi Valley Title Insurance Company v. Marion Bank and Trust Company, Civil Action No. 11-0538-WS-C.. United States District Court, S.D. Alabama, Northern Division (Negligence always turns on whether the applicable standard of care is breached in the context of the facts and circumstances of the particular case. Negligence is defined as the "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm." Black's Law Dictionary 1061 (8th ed.2004)).

**PLAINTIFF'S REQUEST TO CHARGE NO. 26**

**DUTY TO MAINTAIN CONTROL OF VEHICLES**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT IT IS THE DUTY OF THE OPERATOR OF A MOTORIZED VEHICLE TO KEEP HIS VEHICLE UNDER REASONABLE CONTROL, SO THAT HE MAY AVOID COLLISIONS WITH, AND INJURY TO, INDIVIDUALS WHO ARE THEMSELVES EXERCISING REASONABLE CARE.

<u>AUTHORITY</u>

*Garmon v. Cassell*, 78 GA. APP. 730, 738, 52 S.E.2D 631, 636-637 (1949), CITING 42 <u>CORPUS JURIS, MOTOR VEHICLES</u>, P. 920.

**PLAINTIFF'S REQUEST TO CHARGE NO. 27**

**DRIVER'S DUTY OF CARE**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT, WHEN AN INDIVIDUAL IS OPERATING A MOTOR VEHICLE, HE IS BOUND TO EXERCISE ORDINARY AND VIGILANT CARE TO AVOID INJURIES TO OTHERS; AND ONE WHO INJURES ANOTHER BECAUSE OF FAILURE TO EXERCISE ORDINARY CARE AND DILIGENCE IN THE OPERATION OF THE MOTOR VEHICLE MAY BE LIABLE FOR DAMAGES TO THE PERSON INJURED.

<u>AUTHORITY</u>

IN <u>MERIWETHER CO. V. CREAMER</u> 146 GA. APP. 651(2), 247 S.E.2D 178, 180-181 (1978), THE COURT OF APPEALS STATED:

The trial court did not err in charging the jury it should consider the degree of care exercised by the driver in the operation of the fire truck at the time of the incident in question in determining the issue of the defendant's liability, that is, "one operating a motor vehicle upon the public streets and highways of the state is bound to exercise ordinary care and diligence to avoid injuries to persons lawfully using the highways and streets," and that, "one who injures another because of failure to exercise ordinary care and diligence in the operation of a motor vehicle may be liable in damages to the person (sic] injury."

## PLAINTIFF'S REQUEST TO CHARGE NO.28

## DRIVER'S DUTY OF CARE

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT, EVERY DRIVER OF A VEHICLE SHALL EXERCISE DUE CARE TO AVOID COLLIDING WITH OTHERS UPON A ROADWAY …." (EMPHASIS SUPPLIED.)  IN THIS REGARD, "[T]HE DRIVER OF A MOTOR VEHICLE HAS NO RIGHT TO ASSUME THAT THE ROAD AHEAD OF HIM IS CLEAR, AND HE MUST MAINTAIN A DILIGENT OUTLOOK THEREFOR.

## AUTHORITY

OCGA § 40-6-93

*Leggett v. Brewton*, 104 GA. APP. 580 HN. 3 (122 S.E.2D 469); *Lorig v. Brunson*, 84 GA. APP. 558, 562 (66 S.E.2D 268) (driver must maintain vigilant lookout for pedestrians on the road).

**PLAINTIFF'S REQUEST TO CHARGE NO. 29**

**DRIVER'S DUTY OF CARE**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT A PERSON ACTING LAWFULLY IS NOT REQUIRED TO ANTICIPATE THE NEGLIGENCE OF OTHERS.

Every driver is entitled to count on other motorists to follow the rules of the road. If there is a stop sign controlling cross traffic at an intersection, a driver may assume that the driver approaching from the cross street will, in fact, see the sign and stop for it.

AUTHORITY

*Meeks v. Johnson*, 112 Ga. 760, 146 S.E.2d 121 (1965); *Kicklighter v. Jones*, 202 Ga. App. 654, 415 S.E. 2d 302 (1992); *Morgan v. Braasch*, 214 Ga. App. 82, 446 S.E.2d 746 (1994); Adams, Ga. Law Of Torts, Section 16-3.

**PLAINTIFF'S REQUEST TO CHARGE NO. 30**

**DRIVER'S DUTY OF CARE**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT EVERY DRIVER OF A MOTOR VEHICLE MUST EXERCISE ORDINARY CARE IN THE CONTROL, SPEED AND MOVEMENTS OF HIS VEHICLE.

<u>AUTHORITY</u>

*Meeks v. Johnson*, 112 Ga. 760, 146 S.E.2d 121 (1965)

*Kicklighter v. Jones*, 202 Ga. App. 654, 415 S.E. 2d 302 (1992)

**PLAINTIFF'S REQUEST TO CHARGE NO. 31**

**ANTICIPATION OF CONSEQUENCES**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT IN ORDER THAT A PARTY MAY BE LIABLE IN NEGLIGENCE, IT IS NOT NECESSARY THAT HE SHOULD HAVE CONTEMPLATED OR EVEN BEEN ABLE TO ANTICIPATE THE PARTICULAR CONSEQUENCES WHICH ENSUED, OR THE PRECISE INJURIES SUSTAINED BY THE PLAINTIFF. IT IS SUFFICIENT, IF, BY EXERCISE OF REASONABLE CARE, THE DEFENDANT MIGHT HAVE FORESEEN THAT SOME INJURY WOULD RESULT FROM HIS ACT OR OMISSION, OR THAT CONSEQUENCES OF A GENERALLY INJURIOUS NATURE MIGHT HAVE BEEN EXPECTED.

<u>AUTHORITY</u>

*Atlanta Gas Light Co. v. Mills*, 78 GA. APP. 690, 51 S.E.2D 705 (1949).

## PLAINTIFF'S REQUEST TO CHARGE NO. 32

The law authorizes an inference that a person driving under the influence of alcohol makes it less safe for him to drive, however this does not necessarily mean that the driver driving under the influence was more than 50% at fault for the collision

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of care that a very careful person would use under the same or similar circumstances.

No matter how negligent a party may be, if [his] act stands in no causal relation to the injury it is not actionable.

AUTHORITY

OCGA 40-6-392(b)(3)

See Reed et al. v. Carolina Casualty Insurance Company, et al, Court of Appeals of Georgia Case No. A13A2270, March 25, 2014

Housing Auth. of Atlanta v. Famble, 170 Ga. App. 509 (1984). (Thus Finney's alleged negligence in driving the van under the influence of alcohol and cocaine is not actionable because the evidence establishes as a matter of law that this negligence played no causative role in the collision. Finney v. Machiz, 463 SE 2d 60 (1995)

**PLAINTIFF'S REQUEST TO CHARGE NO. 33**

**TYPES OF DAMAGES: SPECIAL AND GENERAL DAMAGES**

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT DAMAGES MAY BE EITHER SPECIAL OR GENERAL AND OR BOTH.

SPECIAL DAMAGES ARE THOSE WHICH ACTUALLY FLOW FROM A TORTIOUS ACT, AND MUST BE PROVED IN ORDER TO BE RECOVERED. INSOFAR AS THE CASE BEFORE YOU, THE PLAINTIFF CLAIMS SPECIAL DAMAGES FOR MEDICAL EXPENSES AND FOR LOSS OF INCOME AND FOR FUNERAL AND BURIAL AND NECESSARY EXPENSES ARISING FROM THE INJURY RECEIVED.

GENERAL DAMAGES ARE THOSE WHICH THE LAW PRESUMES TO FLOW FROM AN UNLAWFUL ACT. THEY MAY BE RECOVERED WITHOUT PROOF OF ANY SPECIAL AMOUNT.

MOREOVER, THE LAW INFERS BODILY PAIN AND SUFFERING FROM PERSONAL INJURY AND GENERAL DAMAGES ARE SAID TO INCLUDE THE BODILY SUFFERING ENDURED, FOR THIS MAY BE AMONG ITS NECESSARY RESULTS.

<u>AUTHORITY</u>

*County Of Bibb v. Ham*, 110 GA. 340, 341-342, 35 S.E. 656 (1899);

*Cochran v. Lynch*, 126 GA. APP. 866, 868, 192 S.E.2D 165 (1972);

*Stover v. Atchley*, 189 GA. APP. 56, 374 S.E.2D 775, 776 (1988); AND

O.C.G.A. § 51-12-1.

O.C.G.A. § 51-12-2.

## PLAINTIFF'S REQUEST TO CHARGE NO. 34
## PHYSICIAN BILLS AND EXPENSES INCURRED AS RESULT OF INJURY

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECOVER DAMAGES FROM THE DEFENDANT, HE IS ENTITLED TO RECOVER SUCH REASONABLE AMOUNT FOR PHYSICIANS' BILLS AND NECESSARY EXPENSES INCURRED IN CONSEQUENCES OF THE INJURY AS HE HAS PROVED TO YOUR SATISFACTION BY A PREPONDERANCE OF THE EVIDENCE.

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damages would be reasonable value of such expense as was reasonably necessary.

## AUTHORITY

*Limbert v. Bishop*, 96 GA. APP. 652, 101 S.E. 2D 148 (1957)

*Georgia Railway Company v. Thompkins*, 138 GA. 596, 75 S.E. 2D 664 (1912)

O.C.G.A. § 51-12-7.

Georgia Power Co. v. Clark, 69 Ga. App. 273 (medicine) (1943)

Georgia Railway and Power Co. v. Ryan, 24 Ga. App. 290 (doctor's bill) (1919)

Suggested Pattern Jury Instructions, 66.040 Tort Damages; Expenses; Generally; Medical Expenses, Volume I: Civil Cases; Fourth Edition, "Tort Damages; Expenses; Generally; Medical Expenses"; page 309.

Georgia Suggested Pattern Jury Instructions, Vol 1: Civil Cases, 5h Ed., No. 66.040 (2007; Rev. Ed. 2010), available in Westlaw, GA-JICIV 66.040

O.C.G.A. 51-12-7

Georgia Power v. Clark, 69 Ga.App. 273, 25 S.E.2d 91 (1943) (medicine); and

## PLAINTIFF'S REQUEST TO CHARGE NO. 35
## LOST WAGES

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT IF YOU FIND FOR THE PLAINTIFF, YOU SHOULD CONSIDER AS AN ELEMENT OF DAMAGE ANY LOSS OF WAGES HE HAS SUFFERED OR WILL SUFFER IN THE FUTURE, OR ANY IMPAIRMENT TO HIS ABILITY TO EARN A LIVING THAT HE HAS SUFFERED OR WILL SUFFER IN THE FUTURE, IF THEREBY, ANY SUCH FINANCIAL EARNINGS OR EARNING CAPACITY IS PROVEN WITH A REASONABLE DEGREE OF CERTAINTY OR PROBABILITY. IT IS NOT NECESSARY THAT THE LOSS OF EARNING BE PROVEN WITH MATHEMATICAL EXACTITUDE. IT NEED ONLY BE PROVEN BY A PREPONDERANCE OF THE EVIDENCE SUFFICIENT TO REASONABLY ESTABLISH THE CLAIM.


## AUTHORITY

COBB AND ELDRIDGE, GEORGIA LAW OF DAMAGES, 2D ED., §38-4, PP. 682-683

*Bennett v. Haley*, 132 GA. APP. 512, 208 S.E. 2D 302 (1974)

*Peak v. Cody*, 113 GA. APP. 674, 149 S.E. 2D 519 (1964)

GA Superior Civil Pattern Jury Instructions, 66.100, Tort Damages, Earnings, Past; Loss, Future.

**PLAINTIFF'S REQUEST TO CHARGE NO. 36**

## PAIN AND SUFFERING

LADIES AND GENTLEMEN OF THE JURY I CHARGE YOU THAT THE PLAINTIFF'S PAIN AND SUFFERING IS A LEGAL ITEM OF DAMAGES. THE MEASURE IS THE ENLIGHTENED CONSCIOUSNESS OF FAIR AND IMPARTIAL JURORS. QUESTIONS OF WHETHER, HOW MUCH AND HOW LONG PLAINTIFF HAS SUFFERED OR WILL SUFFER ARE FOR YOU TO DECIDE.

INTERFERENCE WITH NORMAL LIVING, INTERFERENCE WITH ENJOYMENT OF LIFE, LOSS OF CAPACITY TO LABOR AND EARN MONEY, IMPAIRMENT OF BODILY HEALTH AND VIGOR, THE FEAR OF EXTENT OF INJURY, SHOCK OF IMPACT, ACTUAL PAIN AND SUFFERING, PAST AND FUTURE, MENTAL ANGUISH, PAST AND FUTURE,  GRIEF, DISTRESS, OR WORRY MAY BE CONSIDERED BY THE JURY IN DETERMINING DAMAGES FOR PAIN AND SUFFERING.

I charge you that you will determine from the evidence in this case what sort of injury the Plaintiff received, its character for producing or not producing pain, the mildness or intensity of the pain, its probable duration, whether it has ceased, and then, desiring to be just and fair to both parties you would give to the Plaintiff, if he recovers in this case, just such sum as you think would be fair compensation for the pain and suffering and any impairment of bodily health and vigor which was due to the injury received on this occasion, provided you believe he is entitled to recover.

Damages are given as pay or compensation for injury done.

If you believe from a preponderance of the evidence that the Plaintiff is

entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

As to the amount awarded, the law declares that there is no standard by which to measure such amount other than the enlightened consciences of impartial jurors.

## AUTHORITY

Food Lion v. Williams, 219 Ga. App. 352, 355-356 (Ga. App. , 1995)*Gilbert v. Parks*, 140 Ga. App. 550, 231 S.E. 2d 391 (1976).
*Underwood v. Atlanta & West Point Railroad Company*, 105 Ga. App. 340, 124 S.E. 2d 758

(1962)
*Valdosta Housing Authority v. Finnessee*, 160 Ga. App. 552, 287 S.E. 2d 569 (1981)(Anxiety or worry attributable to an injury is recoverable).

*Western, Etc. Railroad Co. v. Young*, 83 GA. 512, 515

*Redd v. Peters*, 100 GA. APP. 316, 111 S.E.2D 132 (1959).

Georgia Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fifth Edition, No. 66.501 (2007; Rev. Ed. 2010), available in Westlaw, GA-JICIV 66.501/502 "Tort Damages; Pain and Suffering; General; Mental; and Future"; pages 317 to 319; Western, etc. Railroad Co., v. Young, 83 Ga. 512, 515 (1889); and Redd v. Peters, 100 Ga.App. 316, 111 S.E.2d 132 (1959); OB-GYN Associates of Albany v. Littleton, 259 Ga. 663 (1989); Southern Railway Co. v. Jackson, 146 Ga. 243 (1916); Chapman v. Western Union telegraph Co., 88 Ga. 763 (1892); Nationwide Mutual Fire v. Lam, 248 Ga.App. 134, 546 S.E.2d 283 (2001); and Lee v. State Farm Mutual, 272 Ga. 583 (2000); Williams v. Vinson, 104 Ga. App. 886, 893, 123 S.E.2d 281 (1961); Langran v. Hodges, 60 Ga. App. 567, 4 S.E.2d 489 (1939); and Atlantic Coastline Roalroad Co. v. Ouzts, 82 Ga. App. 36, 62, 60 S.E.2d 770 (1950)

O.C.G.A. § 51-12-4.

O.C.G.A. § 51-12-9.

66.000 Tort Damages; Preliminary Instructions

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Tort Damages; Preliminary Instructions"; page 306.

Railway Express Agency, Inc. v. Standridge, 68 Ga. App. 836, 24 SE2d 325

**PLAINTIFF'S REQUEST TO CHARGE NO. 37**

PRE DEATH PAIN AND SUFFERING

Pre-death pain and suffering is also a legal item of damages, the measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long Mr. James suffered before his ultimate demise are for you the jury to decide.  Pain and suffering includes mental suffering, anxiety, shock, and worry are examples of what might be included under mental pain and suffering.

AUTHORITIES

Georgia Suggested Pattern Jury Instructions, V 1: Civil Cases, 5h Ed. No. 66.500-66.502 (2007, Rev, Ed. 2010)

Department of Transp. v. Dupree, 256 Ga. App. 668, 680, 570 S.E.2d 1, 10 (2002) (pre-impact pain and suffering); and

Monk v. Dial, 212 Ga.App. 362, 362-363, 441 S.E.2d 857, 858 (1994) (analyzing claims for pre-impact pain and suffering; holding that once it is established that damages for pain and suffering are authorized by the evidence, the amount of those damages becomes a matter for the enlightened conscience of the jury).

**PLAINTIFF'S REQUEST TO CHARGE NO. 38**

TORT DAMAGES

Damages are given as pay or compensation for injury done,

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

Here, you should award to the plaintiff such sums as you believe are reasonable and just in this case.


AUTHORITIES:

Georgia Suggested Pattern Jury Instructions, Vol. 1: Civil Cases, 5h Ed., No. 66.001 (2007; Rev. Ed. 2010), available in Westlawe, GA-JICIV 66.001

O.C.G.A. 51-12-4; and

O.C.G.A. 51-12-9.

**PLAINTIFF'S REQUEST TO CHARGE NO. 39**

GENERAL DAMAGES

I charge you that general damages are those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount.

The non-economic component, or the "intangibles", of the 'full value of life' is calculated from the perspective of the decedent, if he had lived.

No evidence is required of the "value" of such intangible things as

Loss of Services;  Loss of Companionship; Loss of Care;

Loss of Protection; Loss of Comfort; Loss of Guidance;

Loss of Assistance; Loss of Kindly office and advice;

Loss of Society; Loss of the normal pleasures of life;

Loss of ability to work and labor

The measure is the enlightened conscious of fair and impartial jurors.

In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for the damages they have suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage,  Any such award should be fair and just in the light of the evidence.

AUTHORITY

See  66.400  Tort  Damages,  Consortium;  66.401  Tort  Damages;  Consortium, Permanent Loss:  present cash value of:  Joint life expectancy is measure of damages; Suggested Pattern Jury Instructions, Volume 1, Civil Cases, 4th Edition.

Federal Jury Practice and Instructions, O'Malley, Grenig & Lee, 5h Ed., Civil Section 128.02, available in Westlaw, FED-JI Section 128.02.

**PLAINTIFF'S REQUEST TO CHARGE NO. 40**

FUNERAL EXPENSES

Funeral expenses are other necessary expenses resulting from the injuries to and death of Darrin James and are a legitimate item of damages.

AUTHORITIES

Georgia Suggested Pattern Jury Instructions, Vl 1: Civil Cases, 5h Ed., No. 66.040 (2007; Rev. Ed. 2010), available in Westlaw, GA-JICIV 66.040

O.C.G.A. 51-12-7

**PLAINTIFF'S REQUEST TO CHARGE NO. 41**

LOSS OF PAST WAGES

Darrin James's loss of wages from the time of injury to time of trial is a legal item of damages, and its measure is the value of the wages that the evidence shows with reasonable certainty Mr. James has lost as a result of Defendants' negligence. You may consider what Mr. James was making at the time of his injuries, what was made since his death, the amount customarily paid in the locality for the kind of work he did, and similar matters. There must be some evidence before you as to Mr. James's loss.

AUTHORITIES

Georgia Suggested Pattern Instructions, Vl. 1: Civil Cases, 5h Ed., No. 66.100 (2007; Rev. Ed. 2010) available in Westlaw, GA-JICIV 66.100

**PLAINTIFF'S REQUEST TO CHARGE NO. 42**

LOSS OF FUTURE WAGES

If you find that Mr. James's wages will be less in the future as a proximate result of the collision, it would be appropriate to award future lost wages to Mr. James. Lost future wages – just like lost past wages – are to be determined on the basis of the wages that Mr. James will lose, and there must be some evidence before you as to the amount of such wages.

In considering the evidence, you may take into consideration the proposition that the ability of Mr. James to earn money could have increased during some later periods of his life, if it is authorized by the evidence.

AUTHORITIES

Georgia Suggested Pattern Jury Instructions, Vol 1: Civil Cases, 5h Ed., No. 66:201 (2007; Rev. Ed. 2000) available in Westlaw, GA-JICIV 66.201; and Florida, Etc, R. R. Co. v. Burney, 98 Ga. 1 (1894).

**PLAINTIFF'S REQUEST TO CHARGE NO. 43**

WAGES: LIFE EXPECTANCY

If you find that Mr. James's wages will be less in the future as a proximate result of the collision, you may also consider the life expectancy of Mr. James; and you may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject.  In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

AUTHORITIES

Georgia Suggested Pattern Jury Instructions, Vol 1: Civil Cases, 5h Ed., No. 66.202 (2007; Rev. Ed. 2010), available in Westlaw, GA-JICIV 66.202;  and see No. 66.301; Williams v. Vinson, 104 Ga App. 886, 893 S.E.2d 281, 287 (1961); Davis v. Whitcomb, 30 Ga. App. 497, 497, 118 S.E. 488, 492 (1923).

**PLAINTIFF'S REQUEST TO CHARGE NO. 44**

MORTALITY TABLES

If a preponderance of the evidence shows that Darrin James has been mortally injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Mr. James would have been expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of Mr. James's life.

AUTHORITIES

Eleventh Circuit Pattern Jury Instructions (Civil Cases) Instruction No. 3.1 and 3.3 (2005)

**PLAINTIFF'S REQUEST TO CHARGE NO. 45**

LIFE EXPECTANCY: FULL VALUE OF LIFE

This case includes claims for wrongful death of Darrin James. The measure of these damages is the full value of Mr. James's life without deduction for necessary or other personal expenses had he lived.

In determining the full value f this life, you should consider the gross sum of money Mr. James would have earned to the end of his life had he survived, and then reduce that amount to its present cash value.

The full value of life, however, is not limited to the amount of money someone could have or would have earned had he or she survived. The full value of life includes also an intangible component. This intangible component is viewed through the eyes of the decedent, not the survivors, and it includes the value of the enjoyment of life itself. This intangible component is not capable of precise prof and no precise proof is required. The value is to be determined by your enlightened conscience as an impartial jury acting under the sanctity of your oaths. I further charge you that the amount you award for the intangible component is not to be reduced t its present value.

AUTHORITIES

O.C.G.A. 51-4-1 and 51-4-2;

Seaboard Coastline R.R. v. Duncan, 123 Ga.App. 479, 181 S.E.2d 535 (1971);

Eldridge, Ga. Pers. Inj. & Prop. Dam. – Damages 10-5;

Reliance Insurance Company v. Bridges, et al., 168 Ga.App. 874, 311 S.E.2d 193 (1983);

Brock v. Wedincamp, 253 Ga. App. 275, 283, 558 S.E.2d 836 (2002); and

Georgia Suggested Pattern Jury Instructions, Vol. 1: Civil Cases, 5h Ed., No. 66.304 (2007; Rev. Ed. 2010), available in Westlaw, GA-JICIV 66.304.

**PLAINTIFF'S REQUEST TO CHARGE NO. 46**

I charge you that Georgia law provides that a Defendant takes a Plaintiff in the whatever condition he finds him.  Therefore a negligent defendant must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act is negligent.

AUTHORITY

Restatement 2d of Tort, Section 457 (1965)

Coleman et al., v. Atlanta Obstetrics & Gyn, 194 Ga.App. 508 (1990)

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Tort Damages; Pain and Suffering; Pre-existing Injury; Aggravation"; pages 319, 320

## PLAINTIFF'S REQUEST TO CHARGE NO. 47

## NEGLIGENT PARTY TAKES THE PERSON HE INJURES AS HE FINDS HIM

I CHARGE YOU THAT A NEGLIGENT PARTY TAKES THE PERSON HE INJURES AS HE FINDS HIM. THE FACT THAT THE PECULIAR PHYSICAL CONDITION IN WHICH THE INJURED HAS AT THE TIME THAT THE WRONGFUL ACT AGGRAVATES THE INJURY WILL NOT PREVENT SUCH INJURIES FROM BEING REGARDED AS PROXIMATE. THE NEGLIGENT PARTY IS NOT FREED FROM LIABILITY IF, BY REASON OF SOME PRE-EXISTING CONDITION, HIS VICTIM IS MORE SUSCEPTIBLE TO INJURY. KNOWLEDGE OF THE CONDITION OF THE INJURED PERSON NEED NOT BE SHOWN.

AUTHORITY

Saul Klenberg Co. v, Mrozinski, 78 Ga. App. 59, 50 S.E.2d 247(1948)
Pullman Co. v. Strang, 35 Ga. App. 59(5). 132 S.E. 399

## PLAINTIFF'S REQUEST TO CHARGE NO. 48
## WEALTH OR WORLDLY CIRCUMSTANCES OF A PARTY

LADIES AND GENTLEMEN OF THE JURY, I CHARGE YOU THAT, THE WEALTH OR WORLDLY CIRCUMSTANCES OF A PARTY LITIGANT IS NEVER ADMISSIBLE AS EVIDENCE AND, AS SUCH, IF YOU SHOULD DETERMINE THAT THE PLAINTIFF IS ENTITLED TO RECOVER DAMAGES, YOU SHOULD NOT SPECULATE ABOUT HOW, OR IN WHAT MANNER THE DEFENDANT WILL PAY SAID DAMAGES OR WHETHER THE PLAINTIFF HAS ALREADY BEEN COMPENSATED IN WHOLE, OR IN PART, BY ANY OTHER SOURCE FOR ANY OF THE DAMAGES THAT YOU FIND. IT WOULD NOT BE PROPER FOR YOU TO REDUCE ANY DAMAGES YOU FIND, BASED UPON SPECULATION.  THE LAW DOES NOT ALLOW A WRONGDOER TO TAKE ADVANTAGE OF PAYMENTS MADE BY ANY OTHER SOURCE.

WITH THAT IN MIND, I INSTRUCT YOU THAT IT IS YOUR DUTY, IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECOVER DAMAGES UNDER THE EVIDENCE YOU HAVE HEARD AND THE LAW GIVEN YOU IN CHARGE BY THE COURT, TO RETURN A VERDICT FOR ALL OF THE DAMAGES YOU FIND THAT HE HAS SUFFERED AS A PROXIMATE RESULT OF THIS INCIDENT.

## AUTHORITY

*Polito v. Holland*, 258 GA. 54(3), 365 S.E. 2D 273 (1988)

*Bennett v. Haley*, 132 GA. APP. 512, 522(16),   208 S.E. 2D 302 74 (1974)

*Northwestern Univ. v. Crisp*, 211 GA. 636, 641 (2) (88 S.E.2D 26) (1955

**PLAINTIFFS REQUEST TO CHARGE NO. 49**

**IMPROPER TO SPECULATE ABOUT MATTERS NOT IN EVIDENCE**

MEMBERS OF THE JURY, I CHARGE YOU THAT IT WOULD NOT BE PROPER FOR YOU, DURING YOUR DELIBERATIONS, TO SPECULATE ABOUT MATTERS THAT ARE NOT A PART OF THE EVIDENCE THAT HAS BEEN PRESENTED AND ADMITTED INTO EVIDENCE BY THE COURT DURING THE TRIAL.

YOU MAY ONLY CONSIDER ADMITTED EVIDENCE AND YOU MAY NOT CONSIDER OTHER INFORMATION.

WITH THAT IN MIND, I CHARGE YOU THAT IT IS YOUR DUTY, IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECOVER DAMAGES UNDER THE EVIDENCE ADMITTED AND THE LAW GIVEN YOU IN CHARGE BY THE COURT, TO RETURN A VERDICT FOR ALL OF THE DAMAGES YOU FIND THAT HE HAS SUFFERED.

<u>AUTHORITY</u>

Brown v. Southern Aggregates Co., 207 Ga. App. 886
Mobley v. Wright A02A0506 (1/16/02) 02 FCDR 206

**PLAINTIFF'S REQUEST TO CHARGE NO. 50**

**CAUSATION**

LADIES AND GENTLEMEN OF THE JURY, I CHARGE YOU THAT THE PLAINTIFF MUST ONLY INTRODUCE EVIDENCE WHICH AFFORDS A REASONABLE BASIS TO CONCLUDE THAT HIS INJURIES WERE MORE THAN LIKELY THE RESULT OF THE IMPACT AT ISSUE IN THIS MATTER.

<u>AUTHORITY</u>

*Wilson v. Allen*, 272 Ga. App. 172 (2005).

**PLAINTIFF'S REQUEST TO CHARGE NO. 51**

**WITNESS TESTIMONY**

LADIES AND GENTLEMEN OF THE JURY, I CHARGE YOU THAT CERTAIN WITNESSES HAVE TESTIFIED IN THE TRIAL OF THIS CASE BY WAY OF VIDEOTAPE OR STENOGRAPHIC DEPOSITION. I CHARGE YOU THAT THE TESTIMONY OF ANY SUCH WITNESS APPEARING BY DEPOSITION SHOULD BE CONSIDERED BY YOU THE SAME AS IF THAT PERSON WERE TESTIFYING LIVE, IN COURT. YOU SHOULD AFFORD THAT TESTIMONY THE SAME WEIGHT AND CREDIT AS YOU WOULD AFFORD THE TESTIMONY OF ANY WITNESS WHO APPEARS IN THE COURTROOM TO TESTIFY.

**PLAINTIFF'S REQUEST TO CHARGE NO. 52**
NEGLIGENCE PER SE (STATE)

LADIES AND GENTLEMEN OF THE JURY, I CHARGE YOU THAT A
VIOLATION OF A STATE OR FEDERAL STATUTE THAT RESULTS IN THE
INJURY OF ANOTHER PERSON CONSTITUTES NEGLIGENCE AS A
MATTER OF LAW, OR NEGLIGENCE PER SE.   IN THAT REGARD, IF YOU
FIND THAT THE DEFENDANT IN THE PRESENT MATTER FAILED TO
EXERCISE DUE CARE TO AVOID COLLIDING WITH THE PLAINTIFF, AS
REQUIRED BY GEORGIA LAW, THE PLAINTIFF WOULD BE ENTITLED TO
A VERDICT IN HIS FAVOR.

<u>AUTHORITY</u>

*Edmond v. Roberson*, 207 GA. APP. 101, 102-103 (2) (427 S.E.2D 74) (1993);

*Green v. Gaydon* 174 GA. APP. 796, 798 (3) (331 S.E.2D 106) (1985).

*Hubbard v. Dept. Of Trans. Of Georgia*, 256 GA. APP. 342, 349, 568 S.E.2D 559
(2002).

**PLAINTIFF'S REQUEST TO CHARGE NO. 53**

NEGLIGENCE PER SE (FEDERAL)

FMCSA / FMCSR

LADIES AND GENTLEMEN OF THE JURY, I CHARGE YOU THAT A VIOLATION OF A FEDERAL LAW OR REGULATION THAT RESULTS IN THE INJURY OF ANOTHER PERSON CONSTITUTES NEGLIGENCE AS A MATTER OF LAW, OR NEGLIGENCE PER SE.   IN THAT REGARD, IF YOU FIND THAT THE DEFENDANT IN THE PRESENT MATTER FAILED TO EXERCISE DUE CARE TO AVOID COLLIDING WITH THE PLAINTIFF, AS REQUIRED BY FEDERAL LAW, THE PLAINTIFF WOULD BE ENTITLED TO A VERDICT IN HIS FAVOR.

**AUTHORITY**

Edmond v. Roberson, 207 GA. APP. 101, 102-103 (2) (427 S.E.2D 74) (1993);

Green v. Gaydon 174 GA. APP. 796, 798 (3) (331 S.E.2D 106) (1985).

Hubbard v. Dept. Of Trans. Of Georgia, 256 GA. APP. 342, 349, 568 S.E.2D 559 (2002).

**PLAINTIFF'S REQUEST TO CHARGE NO. 54**

02.162 Failure to Produce Witnesses; Evidence; Mutual Accessibility

If evidence or a witness is equally available to both parties and it is as reasonable to expect one party to produce the evidence or witness as the other, no presumption arises against either party for a failure to produce the evidence or the witness.

If there is nothing in the evidence to justify the conclusion that evidence is not offered or a witness was not called by a party to the case even though such witness and or evidence was under the power and control of that party, no presumption will arise that the testimony of the witness or presentation of the evidence , if called or produced, would have been unfavorable to that party.

AUTHORITY

Suggested Pattern Jury Instructions, Volume I: Civil Cases; Fourth Edition, "Failure to Produce Witnesses; Mutual Accessibility" and "Failure to Produce Witness; Control by Party"; page 18.

**Failure to Produce Evidence**

If a party had failed to offer evidence that was within its power to produce, the jury could infer that the evidence was adverse to that party, provided that (1) the evidence was under the party's control, (2) the evidence was not equally available to the opposing party, (3) the party would have offered the evidence had it been favorable to him, and (4) no excuse had been shown for the failure to produce it."

*Niehus v. Liberio,* 973 F.2d 526, 529-531 (7th Cir. 1992).

*Welsh v. United States*, 844 F.2d 1239 (6th Cir. 1988) (the facts show that potential

evidence was discarded – this case deals more with the law and how it treats missing evidence, rather than an actual jury instruction.

- o "The strength of the inference allowable obviously will vary according to the facts and evidentiary posture of a given case. Whether the defendant's actions may result or must result in an inference that the missing evidence would be unfavorable to the spoliator, or result merely in a burden-shifting presumption, will depend upon a case by case analysis. *See Public Health Trust v. Valcin*, 507 So. 2d at 600-01 (burden shift); *Thor v. Boska*, 38 Cal. App. 3d at 569 n.8, 113 Cal. Rptr. at 303 n.8 (dicta re burden shift); *Kane v. Northwest Special Recreation Ass'n*, 108 Ill. Dec. 96, 155 Ill. App. 3d 624, 508 N.E.2d 257, 261-62 (1987) (when plaintiff's mother washed away possible scientific evidence of mentally retarded daughter's rape in civil suit against institution, proper to instruct jury on permissible adverse factual inference)." *Id.* at 1247.

**PLAINTIFF'S REQUEST TO CHARGE NO. 55**

APPORTIONMENT

You must determine the total amount of Darrin James's and his surviving beneficiaries damages on his claim for wrongful death.

Total damages must be such sum as will fairly and justly compensate the Plaintiffs for any such damages you believe that Plaintiffs sustained, and is reasonably certain to sustain in the future, that the collision directly caused or directly contributed to cause. You must state separately in your verdict the total amount of Plaintiffs' damages on each claim.

In determining the total amount, you must not reduce such damages by any percentage of fault you may assess to Plaintiff James. The judge will compute the recovery under the law and the percentages of fault you assess.

AUTHORITY

O.C.G.A. § 51-12-33

McReynolds v. Krebs, 290 Ga. 850 (2012)

**PLAINTIFF's REQUEST TO CHARGE No. 56**

Attorneys Fees and Court Costs


      If you find for the Plaintiffs you must not take into account any consideration of attorneys fee or court costs in deciding the amount of Plaintiffs' damages.


AUTHORITY

Eleventh Circuit Pattern Jury Instructions (Civil Cases, 2005)

Instruction 6.2, page 571

**PLAINTIFF'S REQUEST TO CHARGE NO. 57 -** INSURANCE COVERAGE JURORS, THE COURT IS ALSO KEENLY AWARE THAT THE FIRST QUESTION YOU'LL PROBABLY ASK EACH OTHER DURING DELIBERATIONS IS, "WHAT ABOUT INSURANCE COVERAGE?"  THE ISSUE OF INSURANCE COVERAGE IS NOT, SHOULD NOT, AND MUST NOT BE PROPER FOR YOU TO CONSIDER IN REACHING YOUR VERDICT. I CHARGE AND INSTRUCT YOU THAT THE ISSUE OF INSURANCE IS NOT A PROPER FACTOR FOR CONSIDERATION IN REACHING YOUR VERDICT.  THE QUESTION OF ANY INSURANCE COVERAGES, WHETHER OR NOT THERE ARE ANY IN THIS MATTER, IS NOT THE QUESTION BEFORE YOU IN THIS TRIAL.  THE PLAINTIFF CLAIMS HE HAS BEEN HARMED AS A DIRECT RESULT OF THE CARELESSNESS OF THE DEFENDANT.  YOUR ROLE IS TO DETERMINE WHETHER THE PLAINTIFF HAS MET HIS BURDEN OF PROOF, AND HAS PROVEN HIS CLAIMS. YOUR VERDICT MIGHT BE THAT THE PLAINTIFF HAS FAILED TO DO SO. OR YOUR VERDICT MIGHT BE THAT THE PLAINTIFF HAS SATISFIED THIS BURDEN, AND THEN YOU ARE TO DETERMINE AN APPROPRIATE MONETARY AMOUNT TO COMPENSATE THE PLAINTIFF FOR HIS DAMAGES.  HOW THE VERDICT IS PAID, BY WHOM IT IS PAID, AND WHAT HAS BEEN PAID BY ANY OTHER SOURCE IS DEALT WITH BY OTHER MEANS WITHIN THE LAW AND BY THE COURTS.  YOU ARE ONLY HERE TO SET THE PROPER AMOUNT OF DAMAGES AND BY ATTEMPTING TO SECOND GUESS ANY OF THESE ISSUES YOU WILL HAVE STRAYED FROM YOUR DUTY AS JURORS TO ONLY CONSIDER THE EVIDENCE BEFORE YOU.  AGAIN, IN REACHING YOUR VERDICT, YOU ARE PROHIBITED FROM CONSIDERING INSURANCE COVERAGE IN ANY MANNER WHATSOEVER.

Respectfully submitted this the 6th of November, 2015.


                                            JEFFREY SCOTT, LLP


(678) 613-3807                              By:___/s/Jeffrey E Gewirtz_____
Post Office Box 4668                        Jeffrey E. Gewirtz, Esq.
Routing Number 19024                        Georgia Bar No. 292434
New York, New York 10163                    *Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

This certifies I have this date the 6th of November 2015, electronically filed PLAINTIFFS PROPOSED JURY INSTRUCTIONS with the Clerk of Court using the CM/ECF system which automatically sends e-mail notification to all attorneys of record:

(678) 613-3807                              By:_____/s/Jeffrey E Gewirtz_____
Post Office Box 4668                        Jeffrey E. Gewirtz, Esq.
Routing Number 19024                        Georgia Bar No. 292434
New York, New York 10163                    *Counsel for Plaintiffs*